**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

ALFREDO DIGNO MEZA,                :
                                     Civil Action No. 10-4667 (JBS)
        Petitioner,   :

        v.             :       **O P I N I O N**

DONNA ZICKEFOOSE,                  :

        Respondent.    :

**APPEARANCES:**

Alfredo Digno Meza, Pro Se      Kristin Lynn Vassallo
#59542-004                          Office of the U.S. Attorney
F.C.I. Fort Dix                970 Broad Street
P.O. Box 2000                 Newark, NJ 07102
Fort Dix, NJ 08640            Attorney for Respondent

**SIMANDLE**, District Judge

    Petitioner Alfredo Digno Meza, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a motion to dismiss for lack of jurisdiction (docket entry 5). Because this Court lacks jurisdiction to consider this petition, and it is not in the interest of justice to transfer, this Court will grant the motion and dismiss the petition. See 28 U.S.C. §§ 1631, 2243, 2244(a), 2255.

## BACKGROUND

According to the record provided by Respondent, Petitioner was convicted in the United States District Court for the Southern District of Florida for conspiracy to possess cocaine and possession of cocaine with intent to distribute, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. §§ 1903(a), (j), and 18 U.S.C. § 2.[1]  Petitioner appealed his conviction and sentence to the Court of Appeals for the Eleventh Circuit, which affirmed on February 11, 2002.  Petitioner's motion for a rehearing was denied by the Court of Appeals.

On October 7, 2003, Petitioner filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, arguing that he was not

---

[1]  Title 46 of the United States Code Appendix, Section 1903(a) states:

  a) Vessels of United States or vessels subject to jurisdiction of United States.  It is unlawful for any person on board a vessel of the United States, or on board a vessel subject to the jurisdiction of the United States, or who is a citizen of the United States or a resident alien of the United States on board any vessel, to knowingly or intentionally manufacture or distribute, or to possess with intent to manufacture or distribute, a controlled substance.

  Section 1903(j) states:

  j) Attempt or conspiracy to commit offense.  Any person who attempts or conspires to commit any offense defined in this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

notified of his right to meet with a consular representative from his country, he was innocent of the statute charged, and his attorney was ineffective. He also filed a supplemental application alleging his sentence was unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004). Petitioner's motion was denied in 2004, and his attempts to relitigate and for a certificate of appealability were denied. In 2008, Petitioner filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), which was denied by the District Court, with the Court of Appeals affirming the denial in 2009.

Petitioner filed this habeas petition on September 13, 2010. Petitioner argues that he was improperly prosecuted under the statutes in question, depriving him of due process, that the United States was not authorized to try Petitioner by the nation in which the vessel was registered (Panama), and that his rights under the Vienna Convention were violated when a consular representative was not notified of his arrest.

In lieu of an Answer, Respondent filed a Motion to Dismiss, arguing that this Court lacks jurisdiction under 28 U.S.C. § 2241 to consider the petition. Petitioner filed a response to the motion on December 1, 2010, and a "motion for liberal pleading in support of Petitioner's habeas and reply brief."

**DISCUSSION**

**A.   Jurisdiction**

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989);  see also 28 U.S.C. §§ 2243, 2255.

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless-... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."

Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date).  See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Congress amended § 2255 as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").  Section 2255 states, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United

>States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255.[2]

In this case, although Petitioner filed his case as a petition for habeas relief pursuant to § 2241, it is clear that his argument has its jurisdictional basis under § 2255. In fact, Petitioner has filed motions under § 2255 in the district of conviction, which were denied, with the denials affirmed by the Court of Appeals. Nonetheless, Petitioner seems to argue in this petition that § 2255 would be "inadequate or ineffective" to provide relief because he is "actually innocent" of the sentencing enhancement.

---

[2] A motion to vacate, correct or set aside a sentence under § 2255 must be filed in the sentencing court within one year of the latest of: (1) the date on which the judgment of conviction became final; (2) the date of the removal of any impediment to making such a motion that was created by unlawful government action; (3) the date on which a right asserted by a movant was first recognized by the United States Supreme Court and made retroactive to cases pending on collateral review; or (4) the date on which a movant could have discovered the facts supporting the claim[s] presented through the exercise of due diligence. See 28 U.S.C. § 2255(f). Furthermore, once a prisoner has filed one § 2255 motion, he may not file a second or successive motion unless he first obtains a certification from a panel of the appropriate Court of Appeals permitting him to do so on the grounds of (1) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable fact finder would have found the movant guilty of the offense charged, or (2) a previously unavailable and retroactively applicable new rule of constitutional law. See 28 U.S.C. § 2255(h).

B.     **Actual Innocence Claim**

Here, with regard to his claims of "actual innocence," liberally construing the petition, Petitioner claims that relief under § 2255 now is barred and, thus, is "inadequate or ineffective." Cf. In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

Section 2255 contains a "safety valve" for use where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. See id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States

Supreme Court, may not have been criminal conduct at all.  See id. at 251-52.

Thus, under Dorsainvil, this Court would have jurisdiction over Petitioner's petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review.  See Dorsainvil, 119 F.3d at 251-52; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).

A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect.[3]  A litigant must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his

---

[3] Before AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive § 2255 motion "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence."  Herrera v. Collins, 506 U.S. 390, 404 (1993).  This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent.  See id.; McCleskey v. Zant, 499 U.S. 467, 494 (1991).  The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Herrera, 506 U.S. at 404.

claim.  A claim of actual innocence requires a petitioner to show: (a) new reliable evidence not available for presentation at the time of the challenged trial; and (b) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence.  See House v. Bell, 547 U.S. 518 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).  Furthermore, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is extremely demanding and permits review only in the "extraordinary" case.  See House, 547 U.S. at 536-37 (citing Schlup, 513 U.S. at 327).

In this case, it is clear that Petitioner has not presented evidence that undermines the court's confidence in his conviction.  Petitioner's claim of "actual innocence" is not based on any new evidence suggesting any "innocence in fact."  Absent any demonstration of new reliable evidence of his factual innocence, Petitioner cannot show that it is more likely than not that no reasonable juror would have convicted him.  See House v. Bell, 547 U.S. 518, 537 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).  Whether or not Petitioner is entitled to a change in sentence is within the purview of the sentencing court, and is not reviewable in this habeas petition.

Consequently, Petitioner is not entitled to relief on his "actual innocence" claim.  Further, Petitioner has failed to

demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy; nor does he represent an intervening change in the law that renders non-criminal the crime for which he was convicted. Petitioner also fails to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. Finally, this Court notes that the Court of Appeals for the Third Circuit has held that a motion under § 2255 is the appropriate vehicle for bringing a claim based on the Vienna Convention, not § 2241. See United States v. Smith, 207 Fed. Appx. 146, 147 (3d Cir. 2006). Therefore, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction. See 28 U.S.C. § 2255.

**C.   Transfer**

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

Here, Petitioner does not assert any ground for relief justifying authorization to file a second or successive § 2255 petition. Petitioner filed a § 2255 motion, which was reviewed

by the Court of Appeals for the Eleventh Circuit, as well as motions for reconsideration of his denials, which were also denied.  Thus, it does not appear that transfer would be in the interest of justice.  Accordingly, Respondent's motion to dismiss will be granted, and the petition will be dismissed.

## **CONCLUSION**

For the reasons set forth above, this action will be dismissed.  An appropriate order follows.


　　　　　　　　　　　　　　　　　　**s/ Jerome B. Simandle**
　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　United States District Judge

Dated:  **June 29, 2011**